UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ELSIE M. MAYARD,

Plaintiff,

v.

MARGARETTEN & COMPANY. INC,
AURORA LOAN SERVICES. INC., and
BANK OF AMERICA MORTGAGE. INC.,
AT., ALL [SIC],

Defendants.

Civil No. 01-526 (PAM/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue three financial companies, apparently for some type of alleged fraud. The factual allegations in her complaint, repeated verbatim, are as follows:

> "Bank of America Mortgage.Inc., rep Me off wrong fully tack my house give it to aurora loan serveces [sic] Inc., for more money I have mortgage 1991 My mortgage it was about $52,000.00 was United mortgage.Corporation 1994 was sale to bank of America Mortgage.Inc., it been a problems with bank of america and bank of america sale the house for $68,000.00 to Aurora loan services with out notified me at all I was going to be in stress

FILED APR 0 4 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

with my family."

(Complaint, (Docket No. 1), p. 2.)

Based on these factual allegations, Plaintiff is demanding a jury trial and "relief requested and other relief for pain and suffer." (Id.)

**II. DISCUSSION**

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] In this case, the Court finds that, even with the benefit of liberal construction, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's complaint is inadequate. Her pleading is defective in several respects.

Most notably, Plaintiff's complaint does not include sufficient factual allegations to state an actionable claim against any of the named Defendants. While a pro se pleading is to be liberally construed, it still must allege historical facts which, if proven true, would

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

entitle the plaintiff to some legal relief against the individuals named as defendants. Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). See also Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Plaintiff's present complaint is fatally deficient for the simple reason that it does not allege any facts that would support any claim against any of the named Defendants. The complaint does not adequately describe what any individual Defendant actually did, (or failed to do), that could cause such Defendant to be liable to Plaintiff. The complaint therefore fails to state any legally cognizable cause of action.

Furthermore, if Plaintiff is indeed attempting to maintain a fraud claim, as the Court has surmised, her complaint is defective because she has not complied with Fed. R. Civ. P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." (Emphasis added.) "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property Investments, Inc. v. Quality Inns International, Inc., 61 F.3d 639, 644 (8th Cir. 1995). To state an actionable fraud claim, a complaint must describe specific events, including when and where such events occurred. Id. Plaintiff's current pleading does not come close to satisfying the requirements of Rule 9(b), because it does not include any factual allegations describing, "with particularity," any specific fraudulent acts committed by any of the named Defendants.

Plaintiff's complaint is also defective because it does not show the existence of federal subject matter jurisdiction. Fed. R. Civ. P. 8(a) explicitly requires that complaints filed in federal court must include "a short and plain statement of the grounds upon which the court's [subject matter] jurisdiction depends." The instant complaint does not include such a statement. Moreover, as far as the Court can tell, Plaintiff's claims are based wholly on a state common law theory, (i.e., fraud), which means that "federal question" jurisdiction does not exist in this case. See 28 U.S.C. § 1331. Plaintiff's complaint also does not adequately allege that the federal court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332.

Finally, the Court notes that Plaintiff is attempting to maintain a "class action" lawsuit. However, her complaint shows no grounds for granting class action status. Furthermore, she cannot maintain a class action as a pro se litigant. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

For all of the reasons discussed above, the Court concludes that Plaintiff's current complaint cannot be entertained in federal court. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 4, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.