UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elsie M. Mayard,

Civ. File No. 01-526 (PAM/SRN)

Plaintiff,

v.

**ORDER**

Margaretten & Company. Inc.,
Aurora Loan Services. Inc., and
Bank of America Mortgage. Inc.,
At., All [sic],

Defendants.

---

This matter is before the Court on Elsie M. Mayard's Application to Proceed In Forma Pauperis ("IFP"). A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams,

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

490 U.S. 319, 325 (1989). In this case, Mayard's appeal, which states only that "there are material issues of fact which were not decided by a jury" is not taken in good faith and is contrary to the Court's prior ruling. (See Clerk Doc. No. 3, 5, 8.) Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's "Application to Proceed Without Prepayment of Fees" (Clerk Doc. No. 7) is **DENIED**.

Dated: May 28, 2001

Paul A. Magnuson
United States District Court Judge